```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION

Lonnie D. Waggoner,             :

        Plaintiff,               :

    v.                           :        Case No. 2:06-cv-0250

Ohio Central Railroad, Inc.,    :        JUDGE HOLSCHUH
                                          MAGISTRATE JUDGE KEMP
        Defendant.               :
```

ORDER

    Following the preliminary pretrial conference, the Court issued a scheduling order which, among other dates, established May 1, 2007 as the date by which defendant Ohio Central Railroad was required to disclose its expert witnesses.  On April 30, 2007, Ohio Central filed a motion to extend that deadline for twenty-eight days.  The motion has been opposed.  The Court held a status conference on the motion and, in addition, plaintiff filed a reply memorandum.  For the following reasons, the motion will be granted in part.

    In its motion, Ohio Central argued that it needed additional time to disclose a number of expert reports.  The first related to a medical evaluation to be done by a Dr. Briggs.  The second related to the report of an economist.  The third related to a railroad expert.  It is Mr. Waggoner's position that none of these extensions should be granted because Ohio Central did not diligently pursue its expert testimony prior to the disclosure date.

    The Court turns first to the question of whether Ohio Central was required to have any Rule 35 examination conducted, and any report of such examination issued, prior to the expert witness disclosure deadline.  The applicable Federal Rules of Civil Procedure do not appear to answer this question directly.  Rule 26(a)(2), pursuant to which the Court established expert

witness disclosure deadlines, provides that a witness "who is retained or specially employed to provide expert testimony in the case" is required to provide a report "at the times and in the sequence directed by the Court." Fed.R.Civ.P. 35 permits the Court to order any party to submit to a physical or mental examination if the mental or physical condition of that person is in controversy. Rule 35(b) provides that the examiner shall provide a report to the opposing party "[i]f requested...." The contents of that report are not identical to the contents of the expert disclosure required by Rule 26(a)(2). Rule 35 also permits the Court to make an order requiring a report of the examiner to be delivered and, if that order is not followed, allows the Court to exclude the examiner's testimony if offered at trial. Similar sanctions are available for the failure to make expert disclosures under Rule 26(a)(2), but those provisions are found in Rule 37(c). Therefore, a substantial argument can be made that the Rule 35 procedure is independent of the Rule 26(a)(2) disclosure regime. On the other hand, it could be argued that a physician performing a medical examination under Rule 35 is a witness who has been "retained or specially employed to provide expert testimony in the case" and is therefore subject to Rule 26(a)(2).

What little case law exists on this subject is not particularly helpful. At least one court appears to have assumed implicitly that if a Rule 35 examining physician is intended to be called as a witness at trial, the Rule 35 report must be produced at the time established for other Rule 26(a)(2) disclosures. See Shumaker v. West, 196 F.R.D. 454 (S.D. W.Va. 2000). On the other hand, at least one court has concluded that Rule 26(a)(2) does not provide any time limits relating to the issuance of the Rule 35 report. See Furlong v. Circle Line Statue of Liberty Ferry, Inc., 902 F.Supp. 65 (S.D.N.Y. 1995).

2

The Court agrees with the <u>Furlong</u> court that Rule 35 examinations, and the issuance of reports following those examinations, proceed independently of Rule 26(a)(2).  At the time a party requests a Rule 35 examination, it is not necessarily the case that the examining physician will be called to testify at trial.  Often, the results of the examination simply confirm what the injured party's doctors have reported, and the Rule 35 examiner therefore serves only as a consultant to the defending party and not as a trial witness.  Although parties could conceivably schedule Rule 35 examinations far enough in advance of the Rule 26(a)(2) deadline so that, if the examiner were then to be used as a witness at trial, the Rule 35 report could be prepared by the deadline, that ignores the fact that a Rule 35 report is to be prepared and issued only if requested by the party who is examined.  To interpret Rule 26(a)(2) to require a mandatory issuance of the report would contradict the plain language of Rule 35.  Consequently, the Court concludes that the deadline which it set in this case for the disclosure of expert reports under Rule 26(a)(2) does not apply to the issuance of a Rule 35 report.

The Court understands that the parties have already agreed to have the Rule 35 examination go forward.  Given the Court's interpretation of the Rules, Ohio Central does not need an extension of time within which to disclose the Rule 35 report. Further, should Dr. Briggs be designated as a trial witness, there would not be any basis for excluding his testimony unless he were to refuse to provide a report and the Court entered such an order of exclusion under the terms of Rule 35.

Ohio Central also requested an extension of time to provide a report from its economist.  In its reply memorandum, however, it represents that he will not be called as an expert and therefore will not provide a report.  The Court agrees that the

3

request for additional time with respect to this witness is moot.

Finally, Ohio Central moved for an extension with respect to the report of its railroad expert, Foster Peterson.  In its motion, Ohio Central represented that Mr. Peterson was unexpectedly called to a family funeral on April 30, 2007 and was therefore unable to provide a report the next day.  At the status conference, the Court was advised that the funeral was for Mr. Peterson's uncle.  Mr. Waggoner, in opposing the motion, asserted that it was unreasonable for Mr. Peterson to wait until the day before the deadline to finalize his report, and the fact that he attended a funeral of someone other than an immediate family member should not justify the delay.  In its reply, Ohio Central represents that the report has now been provided.  Thus, the full twenty-eight day extension requested is not necessary.

The Court agrees that an expert witness retained by a party should not wait until the day before the deadline to finalize its report.  On the other hand, the Court is not persuaded that Ohio Central acted less than diligently in relying upon Mr. Peterson to have his report ready by the deadline, only to have him advise it the day before that he would be unable to do so because he chose to attend a funeral for a family member.  Given the fact that this circumstance appears to have been out of the control of Ohio Central, and that the delay was both brief and not prejudicial, the Court concludes that the good cause standard under Rule 16(b) has been met with respect to Mr. Peterson.  As a result, the request for an extension with respect to his report is granted.

Based upon the foregoing, defendant Ohio Central Railroad's motion to extend times for disclosure of expert witnesses (#19) is granted in part in accordance with the above order.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for

4

reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge